IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JACQUELINE YALDA,
    Plaintiff,
v.                                                      Cause No.: 3:25-cv-00295

EL PASO COUNTY COMMUNITY COLLEGE
DISTRICT d/b/a EL PASO COMMUNITY COLLEGE,
    Defendant.

PLAINTIFF'S ORIGINAL COMPLAINT WITH JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff, JACQUELINE YALDA ("Plaintiff" or "Employee Yalda"), now files this Original Complaint against Defendant, EL PASO COUNTY COMMUNITY COLLEGE DISTRICT d/b/a EL PASO COMMUNITY COLLEGE ("Employer EPCC" or "Defendant"), and respectfully shows as follows:

I. PARTIES.

1. Plaintiff, Jacqueline Yalda, is a natural person residing in El Paso, Texas.

2. Defendant, El Paso County Community College District d/b/a El Paso Community College is a Community College in El Paso County, Texas upon whom service may be obtained by serving its president William Serrata, at Administrative Offices Center, Building A, Rm. A131, 9050 Viscount Blvd., El Paso, TX 79925, or wherever he may be found.

II. JURISDICTION.

3. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

III. FACTS OF THE CASE.

4. Employers must prevent sexual harassment and sex discrimination at work to protect employees, like all of us, from financial losses and emotional trauma due to job loss.

5. Employers must never retaliate against employees who complain of or oppose sexual harassment or sex discrimination at work to protect employees, like all of us, from financial losses and emotional trauma.

6. El Paso County Community College District d/b/a El Paso Community College is an employer.

7. Employer EPCC must prevent sexual harassment and sex discrimination at work to protect employees from financial losses and emotional trauma due to job loss.

8. Employer EPCC must never retaliate against employees who complain of or oppose sexual harassment or sex discrimination at work to protect employees from financial losses and emotional trauma.

9. On or about June 2013, Employer EPCC hires a female Employee as a Police Officer.

10. In 2019, Employer EPCC receives the Employee's report complaining about sexual harassment in the workplace against EPCC employee Malaya Crum. Employer EPCC is aware that the Employee makes the report because the Employee in good faith believes the Employee is reporting and complaining about sexual harassment in the workplace.

11. On or about May 2019, after Employer EPCC receives the Employee's report of the sexual harassment, Employer EPCC prohibits the Employee from doing off-duty work, *i.e.*, working security at other locations. But Employer EPCC allows other Police Officers who are all male, or who have not complained about sexual harassment, to perform off-duty work. That Employee, who is female and made complaints opposing sexual harassment, is the only Police Officer that Employer EPCC does not allow to perform off-duty work.

12. Employer EPCC prohibiting the Employee from performing off-duty work causes the Employee to lose out on additional income of $62,000.00 per year since May 2019.

Employer EPCC continues this prohibition through the date of the filing of this Complaint, causing the Employee to continue incurring these substantial financial losses.

13. On or about August 24, 2023, Employer EPCC Chief of Police Jose Ramirez and Police Lieutenant Michael Guzman receives the Employee's in-person, verbal complaint regarding sexual harassment, and specifically that Employer EPCC Police Officer Brandon Gutierrez approached the Employee's co-worker, with whom the Employee is romantically involved, and asked the co-worker who the co-worker was having sex with.

14. On or about the next day, August 25, 2023, Employer EPCC Chief of Police Jose Ramirez receives the Employee's written complaint regarding sexual harassment, and specifically that Employer EPCC Police Officer Brandon Gutierrez approached the Employee's co-worker, with whom the Employee is romantically involved, and asked the co-worker who the co-worker was having sex with.

15. On or about August 31, 2023, Employer EPCC Vice President of Student Enrollment Services Carlos Amaya also receives the Employee's complaint regarding sexual harassment, and specifically that Employer EPCC Police Officer Brandon Gutierrez approached the Employee's co-worker, with whom the Employee is romantically involved, and asked the co-worker who the co-worker was having sex with.

16. The Employee makes these complaints to Employer EPCC Chief of Police Jose Ramirez, Police Lieutenant Michael Guzman, and VP Carlos Amaya because the Employee in good faith believes Gutierrez's comments constitute sexual harassment in the workplace against both the Employee and the Employee's co-worker.

17. On September 7, 2023, Employer EPCC VP Amaya tells the Employee that the issue had been "addressed" and "resolved". But Employer EPCC did not take any action against Officer Gutierrez to stop the harassment.

18. Since May 2022, and also after Employer EPCC Chief of Police Jose Ramirez, Police Lieutenant Michael Guzman, and VP Carlos Amaya received the Employee's August 2023 complaints opposing sexual harassment against the Employee and the Employee's co-worker, Employer EPCC **continues to discriminate and retaliate against the Employee, a female, by prohibiting the Employee from doing off-duty work because of her gender and protected activity**. But Employer EPCC allows other Police Officers who are all male, or who have not complained about sexual harassment, to perform off-duty work. That Employee is the only Police Officer that Employer EPCC does not allow to perform off-duty work.

19. Employer EPCC continues this prohibition through the date of the filing of this Complaint, causing the Employee to continue incurring substantial financial losses of $62,000.00 per year, approximately.

20. On or about September 2023, and in retaliation for complaining about the sexual harassment and gender discrimination mentioned above, Employer EPCC's Police Officer Edward Thomas falsely reports to Employer EPCC's Employee Relations Department that the Employee called a co-worker the n-word *almost ten years prior in 2014.*

21. On September 29, 2023, Employer EPCC Executive Director for Employee Relations and Compliance Audry Ortegon calls the Employee into Ortegon's office and tells the Employee that an allegation had been made against the Employee, accusing the Employee of having called a co-worker the n-word *almost ten years prior in 2014*.

22. Employer EPCC Executive Director Ortegon and Police Officer Edward Thomas raise this patently false, nearly ten-year-old allegation because of the Employee's sex (female) and in retaliation for the Employee's August 2023 complaints about sexual harassment.

23. On or about October 2023, Employer EPCC's Human Resources department concludes that the allegation against the Employee was "unsubstantiated".

24. On or about October 2023, Employer EPCC Executive Director Audry Ortegon resigns from Employer EPCC.

25. On or about May 1, 2024, Employer EPCC Police Officer Brandon Gutierrez falsely alleges, to Employer EPCC's Title IX Coordinator, that Gutierrez witnessed the Employee call a co-worker the n-word ten years ago in 2014, and will confirm Police Officer Edward Thomas's accusation against the Employee. Police Officer Brandon Gutierrez makes this false accusation against the Employee because of the Employee's sex (female) and in retaliation for the Employee making a good faith complaint about Police Officer Brandon Gutierrez's sexual harassment of the Employee and the Employee's co-worker/partner.

26. On or about May 1, 2024, Employer EPCC subjects the Employee to another investigation based on the false, discriminatory, and retaliatory accusations against the Employee by Peace Office Edward Thomas and Police Officer Brandon Gutierrez.

27. **On or about August 14, 2024, Employer EPCC Police Officer Edward Thomas approaches Employer EPCC Police Officer H. Gutierrez, and attempts to persuade Police Officer H. Gutierrez to fabricate an accusation of racism against the Employee to the Employee Relations Department,. But Employer EPCC Police Officer H. Gutierrez refuses.**

28. When Police Officer Edward Thomas receives H. Gutierrez's refusal, and denial of having witnessed any behavior by the Employee supporting Thomas's allegations, Thomas raises his voice at H. Gutierrez, shouting at H. Gutierrez, attempting to pressure H. Gutierrez into changing H. Gutierrez's mind. But Police Officer H. Gutierrez continues to refuse.

29. On or about August 19, 2024, Employer EPCC Police Lieutenant Michael Guzman receives a written report from Police Officer H. Gutierrez and the Employee complaining that Police Officer Edward Thomas attempted to pressure H. Gutierrez into making a false racism accusation against the Employee.

30. Employer EPCC continues, through the date of the filing of this Complaint, to prohibit the Employee from doing off-duty work, causing the Employee to continue incurring substantial financial losses of $62,000.00 per year, approximately.

31. But Employer EPCC allows other Police Officers who are all male, or who have not complained about sexual harassment, to perform off-duty work. That Employee is the only Police Officer that Employer EPCC does not allow to perform off-duty work, which causes at least $62,00 in financial losses to her per year.

32. That Employee is Jacqueline Yalda.

## IV. CAUSES OF ACTION.

<u>Sex Discrimination and Retaliation</u>

33. Defendant discriminated and retaliated against Plaintiff in violation of Title VII of the United States Code, which protects employees from sex discrimination and retaliation.

34. Specifically, Defendant committed unlawful employment practices against Plaintiff in violation of Title VII.

35. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## V. NOTICE OF RIGHT TO SUE.

36. Attached as Exhibit A is the Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission for Plaintiff.

## VI. DAMAGES.

37. As a direct and proximate result of Defendant's discrimination, retaliation, and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits; lost employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VII. EXEMPLARY DAMAGES.

38. Plaintiff is entitled to recover punitive damages under Title VII.

## VIII. CONDITIONS PRECEDENT.

39. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## IX. JURY DEMAND.

40. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## X. ATTORNEY'S FEES AND COSTS.

41. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under 42 U.S.C. § 2000e-5(k), including any applicable expert fees.

## XI. COURT COSTS.

42. Plaintiff is entitled to recover Plaintiff's court costs.

## XII. PRAYER.

For these reasons, Plaintiff asks that Defendant be cited to appear and answer and that Plaintiff have judgment against Defendant for the following: statutory damages and actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees and expert fees, court costs and all costs of suit, and such other and further relief to which Plaintiff may show herself to be justly entitled, in law and in equity.

**SIGNED** this 4th day of August 2025.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____
Enrique Chavez, Jr., State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No.: 24087103
manderson@chavezlawpc.com
Michael M. Osterberg, State Bar No. 24108991
mikeosterberg@chavezlawpc.com
*Attorneys for Plaintiff*