IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JACQUELINE YALDA,
    Plaintiff,
v.                                                                          Cause No.: 3:25-CV-00295-DB

EL PASO COUNTY COMMUNITY COLLEGE
DISTRICT d/b/a EL PASO COMMUNITY COLLEGE,
    Defendant.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now Plaintiff Jacqueline Yalda ("Plaintiff") and files this Motion for Default Judgment against Defendant El Paso County Community College District ("Defendant"), in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, respectfully showing the following:

1. On August 4, 2025, Plaintiff filed "Plaintiff's Original Complaint with Jury Demand" asserting causes of action against Defendant, a Community College, for Sex Discrimination and Retaliation. ECF No. 1.

2. On October 23, 2025, the District Clerk entered an Entry of Default against Defendant in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 6.

3. Defendant has not filed any responsive pleading.

4. Plaintiff Jacqueline Yalda's affidavit testimony, attached hereto as Exhibit A, proves Defendant caused Plaintiff to suffer **Five Hundred Fifty Eight Thousand, One Hundred Fifty Dollars, and Ninety Six Cents ($558,150.96)** in damages. Specifically, Plaintiff testifies:

> On or about June 2013, El Paso Community College ("EPCC") hires me as a Police Officer. In 2019, EPCC Chief of Police Jose Ramirez receives my

report complaining about sexual harassment in the workplace against EPCC employee Malaya Crum. Crum reported to me that my supervisor, EPCC Lieutenant Michael Guzman was sexually harassing her. I make this report to EPCC because I believe in good faith that I am reporting and complaining about sexual harassment in the workplace.

On or about May of 2019, after EPCC receives my complaint and report of sexual harassment in the workplace, EPCC prohibits me from doing off-duty work like working security at other locations. EPCC continues to allow other Police Officers, who are all male, or who have not complained about sexual harassment, to perform off-duty work. As the only female employee who complains about, reports, and opposes sexual harassment, I am the only Police Officer that EPCC does not permit to perform off-duty work.

By prohibiting me from doing off-duty work, EPCC causes me to lose out on additional income of $62,000.00 per year since May of 2019. This prohibition on off-duty work continued through approximately September 12, 2025. Even since September 12, I do not have the same privileges to take off-duty work as my male counterparts, and I am continuing to incur substantial financial losses.

On or about August 24, 2023, EPCC Chief of Police Jose Ramirez and Police Lieutenant Michael Guzman receive my in-person, verbal complaint regarding sexual harassment. Specifically, I complained that EPCC Police Officer Brandon Gutierrez approaches my co-worker, with whom I am romantically involved, to ask that co-worker who that co-worker was having sex with.

On or about the next day on August 25, 2023, EPCC Chief of Police Ramirez receives my written complaint of sexual harassment. In that written complaint, I complained that EPCC Police Officer Brandon Gutierrez approaches my co-worker, with whom I am romantically involved, to ask that co-worker who that co-worker was having sex with. On or about August 31, 2023, EPCC Vice President of Student Enrollment Services Carlos Amaya also receives my written complaint complaining of the above-described harassment by EPCC Police Officer Brandon Gutierrez.

I made these complaints to EPCC Chief of Police Ramirez, EPCC Police Lieutenant Guzman, and EPCC VP Carlos Amaya because I believe in good faith that EPCC Police Officer Gutierrez's comments constitute sexual harassment in the workplace against both myself and my co-worker.

On or about September 7, 2023, EPCC VP Amaya tells me that my above complaints had been "addressed" and "resolved." However, EPCC did not take any action against EPCC Police Officer Gutierrez to stop the harassment. Since making my complaints in 2019 and 2023, EPCC has discriminated and retaliated against me, a female, by prohibiting me from doing any off-duty work because of my gender and because I engaged in protected conduct by making good faith complaints of sexual harassment. EPCC continues to allow other Police Officers, who are all male, or who have not complained about sexual harassment, to

perform off-duty work. As the only female employee who complains about, reports, and opposes sexual harassment, I am the only Police Officer that EPCC does not permit to perform off-duty work. Only recently on September 12, I've been permitted to do some off-duty work but not as much as my male counterparts who did not engage in protected conduct.

On or about September of 2023, in retaliation for complaining about sexual harassment and gender discrimination as described above, EPCC Police Officer Edward Thomas falsely reports to EPCC's Employee Relations Department that I called a co-worker the n-word almost ten years prior in 2014. This is completely false — I have never used the n-word in my life.

On September 29, 2023, EPCC Executive Director for Employee Relations and Compliance Audry Ortegon calls me into Ortegon's office and tells me that the above-allegation was made against me, accusing me of having called a co-worker the n-word in 2014. EPCC Executive Director Ortegon and Police Officer Thomas raise this patently false, nearly ten-year-old allegation because of my sex (female) and in retaliation for my August 2023 complaints about sexual harassment. On or about that same month, EPCC Executive Director Ortegon resigns from EPCC.

On or about May 1, 2024, EPCC Police Officer Brandon Gutierrez falsely alleges to EPCC's Title IX Coordinator, that Gutierrez witnessed me call a co-worker the n-word ten years ago in 2014, and will confirm EPCC Police Officer Thomas's accusation against me. EPCC Police Officer Gutierrez makes this false accusation against me because of my sex (female) and in retaliation for my prior good faith complaint about Officer Gutierrez's sexual harassment of myself and my co-worker/romantic partner. On or about that same day, EPCC subjects me to another investigation based on the false, discriminatory, and retaliatory accusations made against me by Officer Edward Thomas and Officer Brandon Gutierrez.

On or about August 14, 2024, EPCC Police Officer Edward Thomas approaches EPCC Police Officer H. Gutierrez and tries to persuade H. Gutierrez to fabricate an accusation of racism against me to the EPCC Employee Relations department, but H. Gutierrez refuses to do so. When H. Gutierrez refuses, EPCC Police Officer Thomas raises his voice at H. Gutierrez, shouting at him and attempting to pressure H. Gutierrez into changing H. Gutierrez's mind. EPCC Police Officer H. Gutierrez continues to refuse to make the false accusation of racism against me.

On or about August 19, 2024, EPCC Police Lieutenant Michael Guzman receives H. Gutierrez's report and complaint that EPCC Police Officer Thomas attempted to pressure H. Gutierrez into make a false accusation of racism against me.

From May 2019 to September 12, 2025, EPCC prohibited me from doing any off-duty work. Since September 12, EPCC has only permitted me to engage

in limited off-duty work, causing me to incur substantial financial losses of approximately $62,000.00 per year through September 12, and approximately $45,000.00 per year since. EPCC continues to permit male officers, who have not made complaints of sexual harassment, to perform off-duty work. I am the only officer not permitted to do off-duty work in the way that other officers are permitted to.

Enduring this sexual harassment, these false reports of racism made in retaliation for my protected conduct of opposing and reporting sexual harassment, and EPCC's decision to prohibit me from doing off-duty work in retaliation for my protected conduct of opposing and reporting sexual harassment, has caused me to suffer severe stress, anxiety, and humiliation. The stress from losing approximately $62,000.00 per year, and unfair and illegal treatment I've suffered from EPCC's conduct has caused me headaches, fatigue, and loss of concentration. It has also caused me insomnia; I lie awake at night worrying about my finances, my career, my family, my reputation, and my future. My reputation the good relationships I used to have with my colleagues has been damaged as a result of this harassment and retaliation.

From October 1, 2023 to September 12, 2025, a period of 712 days have passed. I have lost approximately $62,000.00 per year, or $169.86 per day, for a total of $120,940.32. From September 13, 2025, when EPCC began letting me do limited off-duty work, I will lose approximately $45,000.00 per year. From September 13 to October 1, that is $123.28 per day, or $2,219.04. Over the next three years, or 1,095 days, I will continue to lose approximately $123.28 per day, or $134,991.60.

These actions against me by EPCC cause me to suffer the severe mental anguish and emotional distress I described above. Accordingly, I am asking the court to aware me $150,000.00 for such damages in the past, and $150,000.00 for such damages in the future.

As a result of Employer EPCC's against against me, I suffered the following losses:

1. $123,159.36 for lost pay, compensation, and wages, in the past;
2. $134,991.60 for the loss of pay, compensation, and wages I will lose over the next three years;
3. $150,000.00 in damages for mental anguish and emotional distress in the past; and
4. $150,000.00 in damages for mental anguish and emotional distress in the future.

Exhibit A, "Affidavit of Jacqueline Yalda".

5. As Defendant is a Community College, Defendant is not and cannot be a military service

member under the Servicemembers Civil Relief Act, 50 U.S.C. §3901, *et seq.*, so an affidavit of Defendant's military status is unnecessary.

6. Plaintiff is entitled to recover damages in the total amount of **Five Hundred Fifty Eight Thousand, One Hundred Fifty Dollars, and Ninety Six Cents ($558,150.96)** in damages. as follows:

    1. $123,159.36 for lost pay, compensation, and wages, in the past;

    2. $134,991.60 for the loss of pay, compensation, and wages I will lose over the next three years;

    3. $150,000.00 in damages for mental anguish and emotional distress in the past; and

    4. $150,000.00 in damages for mental anguish and emotional distress in the future.

    *See* 42 U.S.C. §1981a, §2000e-5(g) (discussing the availability of damages for Title VII sex discrimination and retaliation).

5. Plaintiff requests the Court enter a default judgment against Defendant. Fed. R. Civ. P. 55(b)(2).

6. A hearing is unnecessary as the record shows Defendant has not filed any responsive pleading, timely or otherwise, and Plaintiff proves her amount of damages through affidavit testimony. Fed. R. Civ. P. 55(b)(2).

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests the Court enter a Default Judgment against Defendant, awarding Plaintiff the damages to which Plaintiff is entitled to recover, because a default judgment is the proper outcome under the applicable law. SIGNED on October 23, 2025.

        Respectfully submitted,

        **Chavez Law Firm**
        2101 N. Stanton Street
        El Paso, Texas 79902
        (915) 351-7772

By:  /s/Michael M. Osterberg
      Enrique Chavez, Jr., State Bar No. 24001873
      enriquechavezjr@chavezlawpc.com
      Michael R. Anderson, State Bar No. 24087103
      manderson@chavezlawpc.com
      Michael M. Osterberg, State Bar No. 24108991
      mikeosterberg@chavezlawpc.com
      *Attorneys for Plaintiff*